**In re NORTH CAROLINA HOSPITAL ASSOCIATION TRUST FUND, EMPLOYER ID#: 56–1154690, Debtor.**

**COMMITTEE OF UNSECURED CREDITORS OF NORTH CAROLINA HOSPITAL ASSOCIATION TRUST FUND, Plaintiff,**

**v.**

**MEMORIAL MISSION MEDICAL CENTER, INC., Alamance County Hospital, Inc., The Presbyterian Hospital, District Memorial Hospital of Southwestern North Carolina, Inc., Maria Parham Hospital, Inc., Cumberland County Hospital System, Inc., d/b/a Cape Fear Medical Center, Defendants.**

**Bankruptcy No. 88–02086–S05. Adv. Nos. S–89–0301–AP to S–89–0306–AP.**

United States Bankruptcy Court, E.D. North Carolina.

April 9, 1990.

William H. McCullough, Raleigh, N.C., for unsecured creditors' committee.

John S. Stevens, Asheville, N.C., for Memorial Mission.

E. Lawson Brown, Jr. and Jeffrey A. Andrews, Burlington, N.C., for Alamance.

W. Sidney Aldridge, Raleigh, N.C., Attorney for Presbyterian.

Russell P. Brannon and Phillip J. Smith, Asheville, N.C., for Dist. Memorial.

Robert S. Hight, Hendersonville, N.C., for Maria Parham.

John S. Shaw and Dena S. Lingle, Fayetteville, N.C., for Cumberland.

### ORDER DETERMINING RIGHT TO JURY TRIAL

A. THOMAS SMALL, Bankruptcy Judge.

The Committee of Unsecured Creditors of the North Carolina Hospital Association

Trust Fund acting on behalf of the chapter 11 debtor, North Carolina Hospital Association Trust Fund, brought six adversary proceedings against six North Carolina hospitals to recover preferential and postpetition transfers. The defendant hospitals have made timely requests for jury trials and those requests were considered at a hearing held in Raleigh, North Carolina, on March 15, 1990. The court has determined that those defendants which have filed proofs of claim are not entitled to a jury trial. The defendants which have not filed proofs of claim are entitled to a jury trial with respect to the Committee's actions to recover preferential transfers under § 547(b), but not as to the actions to recover postpetition transfers under § 549.

The North Carolina Hospital Trust Fund filed a petition for relief under chapter 11 of the Bankruptcy Code on September 14, 1988. The Fund is a trust organized under North Carolina law to provide professional liability insurance coverage to eligible hospital members of the North Carolina Hospital Association, Inc.

The debtor agreed to defend policy holders from malpractice liability and these adversary proceedings were brought to recover payments made in connection with the defense and settlement of malpractice claims. According to the Committee, these transfers were made by the debtor for the benefit of the respective defendants within 90 days prior to the filing of the bankruptcy petition, and satisfy the requirements of 11 U.S.C. § 547(b). Many of the payments, however, were apparently made by check on or just prior to the date of the filing of the petition, and it is possible that the checks were delivered and paid subsequent to the filing of the petition. The Committee therefore alternatively alleges that the transfers were unauthorized postpetition transfers which are avoidable pursuant to 11 U.S.C. § 549.

■ The defendant hospitals contend that they are entitled to a jury trial on each of the Committee's actions for preferential and postpetition transfers pursuant to 11 U.S.C. §§ 547(b) and 549. Four of the defendant hospitals (Alamance, Presbyterian, Maria Parham, and Cumberland), however, have filed proofs of claim and for that reason have no right to have the proceeding tried by a jury.[1] In *Granfinanciera v. Nordberg,* — U.S. —, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the Supreme Court, relying heavily on its decisions in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), and *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932), clearly indicated that the Seventh Amendment right to a jury trial is preempted upon the filing of a proof of claim. *Granfinanciera,* 109 S.Ct. at 2798–99.[2]

The two remaining defendants, Memorial Mission and District Memorial, have not filed proofs of claim against the bankrupt-

---

**1.** The defendants which have filed proofs of claim argue that their claims were for unliquidated amounts and that their jury trial right should not be lost. That argument is without merit. The unliquidated claims arise out of malpractice litigation currently pending with third parties and, therefore, the total amount of these claims is yet unknown. Nevertheless, the filing of a proof of claim, whether or not for a liquidated amount, evidences the claimant's interest in participating in the distribution process and subjects the claimant to "the process of allowance or disallowance of claims." *Id.* 109 S.Ct. at 2799, quoting *Katchen v. Landy* 382 U.S. at 336, 86 S.Ct. at 476.

**2.** The Court stated,
[W]e read *Schoenthal* and *Katchen* as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends upon whether the creditor has submitted a claim against the estate.
*Id.,* 109 S.Ct. at 2799, citing *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).
Further elaborating on this point, the Court stated,
As *Katchen* makes clear, ... by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate. .
*Granfinanciera,* 109 S.Ct. at 2799, fn. 14. *See also In re Corey,* 892 F.2d 829 (9th Cir.1989) and *Kaiser Steel Corp. v. Frates,* 109 B.R. 968 (D.Colo.1989).

cy estate, and to determine their entitlement to a jury trial, the court must apply the three-part test set forth in *Granfinanciera* (109 S.Ct. at 2790). First, the court must determine whether the action would have been an action at law or in equity in the 18th-century courts of England. The second step is to determine whether the nature of the relief sought is legal or equitable. If the court determines that the action is distinctly equitable, the defendant has no right to a jury trial.

If, however, the action is one that is comparable to actions brought at law in 18th–century England and is not equitable in nature, the court must consider the third part of the analysis—"whether Congress may and has assigned the resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as factfinder." *Id.*, 109 S.Ct. at 2790. The primary focus of whether Congress may permissibly deny trials by jury in actions at law depends upon whether "public rights" are being litigated. *Id.*, 109 S.Ct. at 2795.

In *Granfinanciera* the Court applied the three-part test to a trustee's fraudulent transfer action under § 548 and concluded that the defendant was entitled to a jury trial. The Court found that a fraudulent transfer action to recover a money judgment of a determinant sum was an action at law in 18th–century England, and that the nature of the relief sought was legal rather than equitable. The Court also found that the action involved "private" rather than "public" rights and concluded that Congress could not divest defendants that had not filed proofs of claim of their

Seventh Amendment jury trial right in such proceedings.

The Court noted that a trustee's fraudulent transfer action more nearly resembles a "private right" than a "public right." The former, which involves "the adjudication of state-created private rights," arises from the bankruptcy but is not a part of the process of allowance or disallowance of claims; nor is it an integral part of the restructuring of debtor-creditor relations. *Id.*, 109 S.Ct. at 2797–99, citing and quoting in part, *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871–72, 73 L.Ed.2d 598 (1982).[3]

■ *Granfinanciera* was a fraudulent transfer action under § 548, but the Court in *Granfinanciera* relied heavily on *Katchen* and *Schoenthal,* which involved actions to recover preferences. The Court in *Granfinanciera* gave no indication that it would consider a preference action to recover a money judgment under § 547(b) any differently than a fraudulent transfer action to recover a money judgment under § 548.[4] Accordingly, based on *Granfinanciera,* the court finds that the Committee's preference action to recover a money judgment is the type of action that would have been denominated an action at law in 18th–century England, the nature of the relief sought is legal rather than equitable, and the action involves a "private" rather than a "public" right. Based on those findings, the court concludes that the defendants, Memorial Mission and District Memorial,

---

3.  In *Granfinanciera* the Court stated,
    There can be little doubt that fraudulent conveyance actions by bankruptcy trustees—suits which, we said in *Schoenthal v. Irving Trust Co.* (citation omitted), 'constitute no part of the proceedings in bankruptcy but concern controversies arising out of it'—are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation to augment the bankruptcy estate than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy *res* ... (citation omitted). They therefore appear matters of private rather than public right.
    *Granfinanciera,* 109 S.Ct. at 2798.

4.  An argument can be made that the "fraudulent preference" which existed in 18th-century England was entirely different from the cause of action provided by § 547(b). Also, it can be argued that the preference actions in *Katchen* and *Schoenthal* are different from those under § 547(b) because under the Bankruptcy Act of 1898 preference actions by statute could not be tried in the bankruptcy court absent the consent of the defendant. Nevertheless, the court believes that had *Granfinanciera* involved a preference action for a money judgment under § 547 the Court would have held that the defendant had a Seventh Amendment right to a trial by jury.

are entitled to a jury trial with respect to the Committee's claim for a money judgment under § 547(b).[5]

■ The three-step analysis of the actions for recovery of postpetition transfers, however, leads to a different result. The court finds that both the character of the § 549 action as it might have existed in England in the late 18th-century and the nature of the remedy sought are equitable. In 18th-century England bankruptcy was essentially a creditor's remedy involving the equitable distribution of the bankrupt's estate. *See* W. Jones, "The Foundations of English Bankruptcy" 69 *Transactions of the American Philosophical Society* 8 (1979). Today, the bankruptcy estate is distributed in accordance with the scheme of priorities set out in the Bankruptcy Code, and the nature of bankruptcy is equity. *See NLRB v. Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1984); *Bank of Marin v. England,* 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966); *Pepper v. Litton,* 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *In re Beery,* 680 F.2d 705, 710 (10th Cir.), *cert. denied,* 459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982); D. Dobbs, *Remedies* 77, fn. 44 (1973).

The bankruptcy estate is created upon the filing of the bankruptcy petition and it is protected at the inception of the case by the automatic stay under § 362 and by the prohibition against postpetition transfers set forth in § 549. Enforcement of these protections is clearly equitable. Consequently, there is no right to jury trial in such actions.

But, even if actions under § 549 could be considered to be actions at law, there would be no jury trial right because Congress has assigned the determination of these actions in some circumstances to the bankruptcy court which functions primarily without juries.

Pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. 98–353, 98 Stat. 333, Congress designated actions to avoid postpetition transfers as "core proceedings," 28 U.S.C. § 157(b)(2)(E) and (O), which bankruptcy judges may hear and determine, § 157(b)(1), if the proceeding has been referred to them by the district court, § 157(a). Whether Congress had the authority to assign this type of action to the bankruptcy court and thereby preclude a defendant's right to a jury trial depends on whether or not the action involves a "public right." *Granfinanciera,* 109 S.Ct. at 2795. The Court previously intimated that an action which is "integral to the restructuring of debtor-creditor relations" is more appropriately denominated as a "public right" and thus does not enjoy Seventh Amendment protection.[6] Unlike fraudulent transfer and preference actions, which "constitute no part of the proceedings in bankruptcy but concern controversies arising out of it," *Schoenthal,* 287 U.S. at 94–95, 53 S.Ct. at 51–52, and which are brought "to augment the bankruptcy estate," *Granfinanciera,* 109 S.Ct. at 2798, actions to recover postpetition transfers from the bankruptcy estate arise out of actions occurring after the creation of the estate which are in violation of the equitable protections of bankruptcy law designed to preserve estate assets. The protection of the estate is an essential component of the bankruptcy process. It is as important as the "process of allowance or disallowance of claims" and the "restructuring of

---

5. The court does not mean to suggest, however, that a defendant will always be entitled to a jury trial in actions to avoid preferential transfers. It is quite likely that some proceedings under § 547(b) are equitable in nature and no jury trial would be required. *See Granfinanciera,* 109 S.Ct. at 2799, fn. 13.

6. *See Granfinanciera,* 109 S.Ct. at 2798, quoting *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 71, 102 S.Ct. 2858, 2871–72, 73 L.Ed.2d 598 (1982):

> The restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power, must be distinguished from the adjudication of state-created private rights, such as the right to recover contract damages that is at issue in this case. The former may well be a 'public right', but the latter obviously is not.

debtor-creditor relations." The allowance and disallowance of claims becomes meaningless if the estate is decimated and there is nothing to distribute to creditors.

Therefore, even if § 549 actions might have some characteristics of actions at law, there is no Seventh Amendment right to a jury trial because these actions arise out of a "public right," i.e., the protection of the bankruptcy estate, the determination of which may be and has been assigned to the bankruptcy court.

The court concludes that there is no right to a jury trial with respect to the Committee's § 549 claims.[7]

Accordingly, based on the foregoing, the requests for jury trial made by Alamance, Presbyterian, Maria Parham, and Cumberland are DENIED. Furthermore, the requests for jury trial made by Memorial Mission and District Memorial are GRANTED as to the causes of action arising under 11 U.S.C. § 547(b) and are DENIED as to the actions brought pursuant to 11 U.S.C. § 549. The preference actions are core proceedings under 28 U.S.C. § 157(b)(2)(F) and the bankruptcy court will conduct the jury trial. *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2nd Cir.1990); *In re Kroh Brothers Development Co.,* 108 B.R. 710 (Bankr.W.D.Mo.1989).

SO ORDERED.

---

**7.** The issues presented in the actions against Memorial Mission and District Memorial involve payments made by checks issued on or about the day on which the bankruptcy petition was filed, but which may have been paid after the filing of the petition. Because the underlying facts in connection with these transfers likely will not remain in dispute, the point at which the transfers actually occurred should be a matter for summary judgment and thus should be resolved prior to the time the court is to embark on a jury trial.