In re Glenn M. ROBERTS, Debtor.

Donald R. CALAIARO,
Trustee, Plaintiff,

v.

Glenn M. ROBERTS, Evelyn Jean Roberts, Patricia M. Kijanka, Patricia Cannon Kijanka, Susan A. Kijanka, Catherine R. Kijanka, the Golden Trust, Amtrust Bank, and Gerald Kijanka, Defendants.

Bankruptcy No. 85–0541–BM.
Adv. No. 90–0445–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

May 6, 1991.

Donald R. Calaiaro, Trustee, Calaiaro & Corbett, Pittsburgh, Pa.

Richard A. Finberg, Berger, Kapetan, Malakoff & Meyers, P.C., Pittsburgh, Pa., for plaintiff/trustee.

Paul R. Yagelski, Pittsburgh, Pa., for defendant/debtor.

Mark L. Glosser, Pittsburgh, Pa., for defendant/Evelyn Jean Roberts.

Mary Reitmeyer, Pittsburgh, Pa., for defendants/Patricia M. Cannon Kijanka, individually, and as successor Trustee of Golden Trust, Susan A. Kijanka, Catherine R. Kijanka, and Gerald T. Kijanka.

Charles E. Bobinis, Bernstein and Bernstein, P.C., Pittsburgh, Pa., for defendant/Amtrust Bank.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

This case and its collateral matters have traveled a long and tortuous path beginning with debtor's conviction in the U.S. District Court of bankruptcy fraud, traveling through proceeding wherein debtor, *inter alia*, was denied a discharge as a result of many and various egregious actions.

This is an action by the Chapter 7 trustee to recover the value of a condominium in Boca Raton, Florida, originally purchased by debtor Glenn M. Roberts and his wife, defendant Evelyn Jean Roberts, through alleged post-petition fraudulent transfers of estate property. The transfers in question occurred after a final order was entered directing debtor to turn over to the

trustee all estate property, including the realty in question.

Defendants Evelyn Jean Roberts and Amtrust Bank have requested a jury trial of the claims against them. Defendant Evelyn Jean Roberts further maintains that the proceeding against her must be removed to the district court because this court lacks authority to conduct a jury trial on those matters.

The trustee denies that these defendants are entitled to a jury trial and contends that this court does have authority to try these matters.

The motion for a jury trial will be granted. Defendants will be directed to petition the district court to withdraw reference of this entire adversary action from the bankruptcy court.[1]

—I—

## THE COMPLAINT

Debtor filed a voluntary chapter 7 petition on March 15, 1985. Thereafter, the trustee brought an action at Adversary No. 86–0161–BM against the Glenn M. Roberts Medical Association, Inc. Employee Pension Plan (the "Plan"), and Glenn M. Roberts and Evelyn Jean Roberts in their capacity as trustees of the Plan. On December 9, 1987, defendants were directed by this court to turn over all of the Plan's assets to the trustee and to provide an accounting of its assets. *In re Roberts*, 81 B.R. 354 (Bankr.W.D.Pa.1987).

The trustee alleges in the present adversary action that Glenn M. Roberts and Evelyn Jean Roberts unlawfully had withdrawn $146,221.73 from the Plan several months *after* the filing of debtor's bankruptcy petition. Most (or all) of the funds so removed allegedly were used by the Roberts to purchase for themselves a condominium in Boca Raton, Florida. On De-

cember 2, 1985, Evelyn Jean Roberts allegedly transferred $126,221.73 of Plan assets to close on the purchase of the condominium. She allegedly withdrew another $20,-000.00 from the Plan on December 18, 1985.

Legal title to the condominium changed hands several times over the next few years. On February 3, 1986, Glenn M. Roberts and Evelyn Jean Roberts conveyed title to the condominium to themselves as trustees of an entity called "The Golden Trust". On August 26, 1989, Glenn M. Roberts and Evelyn Jean Roberts conveyed title to the condominium to defendant Patricia M. Kijanka, as "successor trustee" of The Golden Trust. On January 31, 1990, Patricia M. Kijanka conveyed title to the condominium to defendants Susan A. Kijanka and Catherine R. Kijanka.

On April 23, 1990, Susan A. Kijanka and Catherine R. Kijanka granted defendant Amtrust Bank a mortgage against the condominium in the amount of $100,000.00.

Count I of the complaint asserts that all of the above conveyances and Amtrust's mortgage constitute post-petition fraudulent transfers of estate property, in violation of 11 U.S.C. § 549. Count II asserts that all of the defendants, with the exception of Amtrust Bank, have engaged in "common law fraud".

The relief sought by the trustee includes compensatory damages from all defendants, punitive damages from all defendants except Amtrust Bank, a declaration that Amtrust's mortgage is null and void, and an order directing Susan A. Kijanka and Catherine R. Kijanka to turn the condominium over to the trustee.

Jurisdiction over this adversary action is based on 28 U.S.C. § 1334. The trustee's assertion that this action is a core proceed-

---

1. Several other motions also have been presented to this court. Amtrust Bank and the Kijanka defendants, for instance, ask that the action against them be dismissed because it is barred by the applicable statute of limitation. Alternatively, they ask that this case be transferred to Florida because venue in this district is improper.

It would be inappropriate, in light of the transfer set forth below, for this court to rule on these motions. A more appropriate forum for these determinations would be the receiving forum.

ing pursuant to 28 U.S.C. § 157 is denied by the defendants.

—II—

## ANALYSIS

**A.) *Are Movants Entitled To A Jury Trial?***

■ Counts I and II of the complaint seek to avoid and to recover allegedly fraudulent post-petition transfers of estate property, and therefore may qualify as "core" proceedings pursuant to 28 U.S.C. § 157. This does not necessarily mean that movants are not entitled to trial by jury of the claims against them. *Beard v. Braunstein,* 914 F.2d 434, 437 (3rd Cir.1990). Thoughtful resolution of the jury trial question implicates the requirements of the Seventh Amendment, which provides that:

In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved ...

The phrase "suits at common law" refers to:

... suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where *equitable* rights alone were recognized, and where *equitable* remedies were administered ... (emphasis added).

*Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 447, 7 L.Ed. 732 (1830). The relevant common law is the common law of England at the time of the adoption of the Seventh Amendment—i.e., 1791. *Id.* The Seventh Amendment does not apply to suits in equity. *Shields v. Thomas,* 59 U.S. (18 How.) 253, 262, 15 L.Ed. 368 (1855).

■ By its own terms, the Seventh Amendment does not create the right to trial by jury but only "preserves" it. Thus, if an action is a common law suit for which there was no right of jury trial in 1791, there is no right of jury trial under the Seventh Amendment. In addition, if an action is one in which there was a right of jury trial as to only certain issues but not as to others, there is no right of jury trial under the Seventh Amendment as to the latter issues. Moore's Federal Practice ¶ 38.08 [5.–5] at 38–58 (2d ed. 1991).

■ It is beyond peradventure that Evelyn Jean Roberts is entitled under the Seventh Amendment to a trial by jury of the claim against her in Count II. The complaint itself expressly states that the cause of action in Count II is brought under the common law:

[d]efendants, except Amtrust Bank, have engaged in *common law fraud,* and are liable to the Plaintiff trustee for all consequences of such fraud, including actual and punitive damages (emphasis added).

Complaint, ¶ 46. In addition, the amount in controversy is well in excess of $20.00. At the very least, the trustee seeks to recover from Evelyn Jean Roberts the amount which she allegedly removed from the Plan —i.e., $146,221.73.

Finally, the claim against her in Count II is similar to actions which were brought in the law courts of England at the relevant time. Actions to recover fraudulent transfers were brought at law in late 18th century England and were tried by jury. *Granfinanciera S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 2790–91, 106 L.Ed.2d 26 (1989).

As has been indicted, Count I is brought under 11 U.S.C. § 549, which does not expressly state whether or not such actions are to be tried by a jury.

■ The fact that the cause of action in Count I arises under a statute rather than the common law does not necessarily entail that there is no right to a jury trial as to Count I. Although the Seventh Amendment primarily was intended to preserve the right of trial by jury as it existed under the common law of England, it:

... also applies to actions brought to enforce *statutory* rights that are analogous to common law causes of action ordinarily decided in English law courts in the late 18th century as opposed to those customarily heard by courts of equity or admiralty (emphasis added).

*Curtis v. Loether,* 415 U.S. 189, 193, 94 S.Ct. 1005, 1007, 39 L.Ed.2d 260 (1974).

A three-step analysis must be undertaken to determine whether there is a Seventh Amendment right of trial by jury in a cause of action which arises under a statute:

(1) the statutory action must be compared to 18th century actions brought in English courts prior to the merger of law and equity;

(2) it must be determined whether the remedy sought is legal or equitable in nature; and

(3) it must be determined whether Congress has assigned (and indeed may assign) resolution of such a claim to a non-Article III adjudicative body that does not use a jury as the finder of fact.

*Granfinanciera*, 109 S.Ct. at 2791.

■ Although Count I is brought under 11 U.S.C. § 549, which pertains to post-petition transfers of estate property, careful reading of the complaint reveals that the trustee in reality is claiming that the alleged diversion of estate property constituted a *fraudulent* transfer which occurred post-petition:

The transfers and/or purported transfers of the Condominium and the granting of liens and mortgages against the Condominium, as described herein, are *fraudulent post-petition transfers* in violation of 11 U.S.C. § 549 and other provisions of the Bankruptcy Code (emphasis added).

Complaint, ¶ 43.

In essence, Count I is an action which sounds in fraud. As has been indicated, action to recover fraudulent transfers were brought at law and were tried by juries in the courts of England prior to the merger of law and equity. *Granfinanciera*, 109 S.Ct. at 1790–91.

The remedy sought in Count I reinforces the view that the cause of action is legal in nature rather than equitable and that a jury trial is in order. The trustee seeks in Count I to recover monetary damages from all defendants, including Evelyn Jean Roberts and Amtrust Bank, and a declaration that Amtrust's mortgage is null and void.

■ To the extent that it seeks monetary relief, Count I is an action at law. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 477, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962). The fact that the trustee also seeks a declaration that Amtrust's mortgage is null and void, which is an equitable remedy, does not alter this conclusion. A monetary award in Count I would provide the trustee, should he ultimately prevail, with a complete remedy as to all defendants, including Evelyn Jean Roberts and Amtrust Bank. Consequently, equity would not entertain an action such as is set forth in Count I. *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 95, 53 S.Ct. 50, 51–52, 77 L.Ed. 185 (1932). Moreover, the joinder of legal and equitable claims would not affect the right of trial by jury as to the legal claim and as to all issues common to both types of claim. *Curtis v. Loether*, 415 U.S. at 196, n. 11, 94 S.Ct. at 1009, n. 11.

The above considerations strongly indicate that movants are entitled under the Seventh Amendment to a jury trial with respect to the statutory cause of action brought in Count I.

■ Under certain limited circumstances Congress has the ability to create a statutory cause of action which is not to be tried by a jury. If a statutory cause of action is legal in nature rather than equitable, Congress may deprive litigants of a jury trial only if the right created by the statute is "public" (as opposed to "private"). *Granfinanciera* 109 S.Ct. at 2796.

■ As has been noted, Count I in essence is an action for a fraudulent transfer which occurred post-petition. Such an action implicates private rather than public rights:

... fraudulent conveyance actions by bankruptcy trustees ... are quintessentially suits at common law that more nearly resemble state-law contract claims brought by a bankrupt corporation than they do creditors' hierarchically ordered claims to a pro rata share of the bankruptcy *res* ... They therefore appear

matters of private rather than public right.

*Granfinanciera,* 109 S.Ct. at 2798.

Application of the above three factors to the particulars of the present adversary action compels the conclusion that movants are entitled to a jury trial with respect to the claim against them asserted in Count I of the complaint.

**B.)** *May The Bankruptcy Court Conduct A Jury Trial In This Case?*

It has been determined that movants are entitled to a jury trial of claims asserted against them in this adversary proceeding. It remains to be determined whether this court has statutory and/or constitutional authority to conduct such a trial.

The U.S. Supreme Court declined in *Granfinanciera* to decide this issue:

> We do not decide today whether the current jury trial provision—28 U.S.C. § 1411 (1982 ed. Supp. IV)—permits bankruptcy courts to conduct jury trials in fraudulent conveyance actions like the one respondent initiated. Nor do we express any view as to whether the Seventh Amendment or Article III allows jury trials in such actions to be held before non-Article III bankruptcy judges subject to the oversight provided by the district courts pursuant to the 1984 Amendments.

*Granfinanciera,* 109 S.Ct. at 1802.

The United States Court of Appeals for the Third Circuit has considered the question but also has declined to answer it. *Beard,* 914 F.2d at 442–445.

Those courts of appeals that have answered this question are in disagreement. At least two circuits have held that bankruptcy judges lack statutory authority to conduct jury trials. *In re United Missouri Bank of Kansas City, N.A.,* 901 F.2d 1449 (8th Cir.1990); *In re Kaiser Steel Corp.,* 911 F.2d 380 (10th Cir.1990). At least one circuit has held that bankruptcy judges have both statutory and constitutional authority to conduct such trials. *In re Ben Cooper, Inc.,* 896 F.2d 1394 (2nd Cir.1990), *vacated and remanded,* — U.S. ——, 111 S.Ct. 425, 112 L.Ed.2d 408 (1991), *reinstated,* 924 F.2d 36 (2nd Cir.1991).

We find both positions to be set forth in a sophisticated and yet esoteric manner. We have no idea what position the highest court of this land will ultimately adopt as the law of the land. We feel confident that the crops will continue to grow in the middle west even if bankruptcy judges preside over jury trials. Bankruptcy courts across the nation, as well as this district, have labored under record-breaking numbers of filings and yet, most (including this judicial officer) are ready to shoulder this additional task. However, the ability to conduct a jury trial is not indispensable to a bankruptcy judge's ability to exercise authority conferred by the 1984 Amendments. *In re United Missouri Bank,* 901 F.2d at 1156.

Rather than chance an unfavorable result which will inure to the detriment of all concerned, it appears appropriate to transfer this matter to an Article III court which clearly has authority to hear same.

Judicial economy would not be served by severing the claims against those defendants who have requested a jury trial and having them removed to the district court while retaining the claims against the remaining defendants who have not requested a jury trial and trying them in this court. Moreover, the danger of inconsistent outcomes is greater when the same basic lawsuit is tried in two courts instead of one. Such problems are best avoided by having the *entire* case heard by a court with indubitable authority to try it—i.e., the district court. Movant's request for a jury trial will be granted and defendants will be directed to petition the district court to withdraw the reference of the entire adversary proceeding to this court.

An appropriate Order will be issued.

### ORDER OF COURT

AND NOW at Pittsburgh in said District this 6th day of May, 1991, in accordance with the foregoing Memorandum Opinion of this same date, it is ORDERED, ADJUDGED and DECREED that the motions

for jury trial by defendants Evelyn Jean Roberts and Amtrust Bank be and are hereby GRANTED.

It is further ORDERED that said defendants petition the U.S. District Court for the Western District of Pennsylvania to withdraw its reference of this entire adversary proceeding in order that it may be tried in the district court.