**In re BLINDER, ROBINSON & CO., INC., Debtor.**

**Glen E. KELLER, Jr., Trustee for the liquidation of the business of Blinder, Robinson & Co., Inc., Plaintiff/Respondent,**

v.

**Linda M. BLINDER, Martin S. Blinder, Individually and as Trustee of the Blinder Trust, and Janet W. Blinder, Individually and as Trustee of the Blinder Trust, Defendants/Movants.**

Civ. A. No. 92–K–1586.
Bankruptcy No. 90–1170 SBB (SIPA).
Adv. No. 92–1388 RJB.

United States District Court,
D. Colorado.

Sept. 24, 1992.

Gale Timothy Miller, Tom McNamara, Davis, Graham & Stubbs, Denver, Colo., for plaintiff-respondent.

Marcia S. Krieger, Englewood, Colo., Steven Taffet, Denver, Colo., for defendants-movants.

### ORDER DENYING MOTIONS TO WITHDRAW REFERENCE

KANE, Senior District Judge.

This matter is before me on the motions by Linda M., Martin S. and Janet W. Blind-er ("Movants") to withdraw the reference of Adversary Proceeding No. 92–1388 RJB, in the SIPA liquidation of debtor Blinder, Robinson & Co., Inc. The Movants argue that they are entitled to a jury trial in the adversary proceeding and that it must be heard in this court because the bankruptcy court is without the authority to conduct jury trials. I hold that the Movants do not have the right to a jury trial and therefore deny the motions to withdraw the reference.

The Securities Investor Protection Corporation initiated these liquidation proceedings on July 31, 1990, in response to Blinder, Robinson's filing of a Chapter 11 bankruptcy petition. In an order entered the following day, the district court found that the customers of Blinder, Robinson were in need of protection under the Securities Investor Protection Act, 15 U.S.C. §§ 78aaa–78*lll*, referred the liquidation proceedings to the bankruptcy court and appointed Glen E. Keller, Jr. ("Trustee") as trustee for Blinder, Robinson.

On March 30, 1992, the Trustee commenced this adversary proceeding, seeking to recover $950,000 from the Movants and other defendants. The Trustee had earlier obtained a judgment against Meyer and Lillian Blinder declaring that the assets held in The Lillian Blinder Trust were property of the estate, based on a finding that Blinder, Robinson was the alter ego of the couple. In his complaint, the Trustee alleged that after this judgment was entered, Lillian Blinder improperly transferred to the other defendants assets of The Lillian Blinder Trust which were estate property. The Trustee prayed for relief under §§ 542 and 549 of the Code and under state fraudulent transfer law. He voluntarily dismissed the state law fraudulent transfer claims against the Movants on August 6, 1992.

On August 7, 1992, the Movants filed the instant motions for withdrawal of the reference to protect their right to a jury trial in the adversary proceeding. Relying on *Granfinanciera, S.A. v. Nordberg*, 492

U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), and its progeny, they argue that under common law they would have been entitled to a jury trial on the Trustee's fraudulent transfer claims. Furthermore, since the Trustee's claims under §§ 542 and 549 involve the same facts and concern the same assets, they contend that these claims should also be tried before the jury to preserve judicial resources. Thus, they conclude, the adversary proceeding must be tried in this court because the Tenth Circuit has held that bankruptcy courts are without the authority to conduct jury trials. *See Kaiser Steel Corp. v. Frates (In re Kaiser Steel Corp.),* 911 F.2d 380, 392 (10th Cir.1990).

■ In *Keller v. Blinder (In re Blinder, Robinson & Co.),* 135 B.R. 892, 895–96 (D.Colo.1991), I ruled that a creditor who files a customer claim against the bankruptcy estate is not entitled to a jury trial in an action by the trustee to recover estate property. I held that the filing of a customer claim "is sufficient to trigger the 'process of allowance and disallowance of claims' to which no right to a jury trial attaches" under *Granfinanciera. Id.* at 896 n. 8. Here, Linda M. Blinder has filed a customer claim. (*See* Trustee's Opp. Defs. Mot. Withdraw Reference, Ex. 3.) Therefore, she cannot assert the right to a jury trial in the adversary proceeding, and her motion to withdraw the reference is without merit.

■ Martin S. and Janet M. Blinder have not filed customer or other claims against the estate. They premise their entitlement to a jury trial on the Trustee's assertion of fraudulent transfer claims, which at com-

mon law would have been tried to a jury. One day before they filed the motion, however, the Trustee voluntarily dismissed the fraudulent transfer claims. The remaining claims against them are for the turnover of estate property under § 542 and for unauthorized post-petition transactions under § 549(a).

There are few post-*Granfinanciera* cases discussing whether a defendant is entitled to a jury trial on claims under §§ 542 or 549.[1] In *Committee of Unsecured Creditors of North Carolina Hospital Association Trust Fund v. Memorial Mission Medical Center, Inc. (In re North Carolina Hospital Association Trust Fund),* the court employed a three-part test to determine whether the defendants had the right to a jury trial on a § 549 claim:

First, the court must determine whether the action would have been an action at law or in equity in the 18th–century courts of England. The second step is to determine whether the nature of the relief sought is legal or equitable. If the court determines that the action is distinctly equitable, the defendant has no right to jury trial.

If, however, the action is one that is comparable to actions brought at law in 18th–century England and is not equitable in nature, the court must consider the third part of the analysis—"whether Congress may [sic] and has assigned the resolution of the relevant claim to a non-Article III adjudicative body that does not use a jury as a factfinder."

112 B.R. 759, 761 (Bankr.E.D.N.C.1990) (citing *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. at 2790). The court concluded that there is no right to a jury trial on a § 549

---

**1.** Although before the decision in *Granfinanciera* several courts had held that there is no right to a jury trial on a § 542 or § 549 claim, these cases are of limited utility because they premise the denial of the right to a jury trial on the core/non-core distinction abandoned in *Granfinanciera. See, e.g., Global Int'l Airways Corp. v. Azima (In re Global Int'l Airways Corp.),* 81 B.R. 541, 544 (W.D.Mo.1988) (no right to jury trial in § 549 proceeding because claim is core and equitable in nature); *Weeks v. Kramer (In re G. Weeks Secs., Inc.),* 89 B.R. 697, 711–12 (Bankr. W.D.Tenn.1988) (no right to jury trial on core turnover or postpetition transfer claims); *Bald-*

*win–United Corp. v. Thompson (In re Baldwin–United Corp.),* 48 B.R. 49, 56 (Bankr.S.D.Ohio 1985) (defendant not entitled to jury trial in core turnover proceeding). *But see Garrett Road Supermarket, Inc. v. Wetterau Fin. Co.,* 95 B.R. 904, 906 (E.D.Pa.1989) (pre-*Granfinanciera* case holding remedy under § 549 "raises no Seventh Amendment issue" because action was not recognized at common law); *Stamps v. Sexton Bros. Tire Co. (In re Major Tire Co.),* 64 B.R. 305, 307 (Bankr.N.D.Ga.1986) (denying request for jury trial because "it cannot be argued that a turnover proceeding is anything but an equitable claim").

claim because it "is clearly equitable," *id.* at 762, and involves the adjudication of a "public right" for which Congress has the power to abrogate the right to a jury trial. *Id.; see also Otasco, Inc. v. American Manufacturers Mutual Ins. Co. (In re Otasco, Inc.),* 110 B.R. 964, 968 (Bankr. N.D.Okla.1990).

In contrast, the court in *Calaiaro v. Roberts (In re Roberts),* 126 B.R. 678 (Bankr. W.D.Pa.1991), employed the same three-part analysis to reach the opposite conclusion. There the court found that the trustee's § 549 claim was in essence an action to avoid a fraudulent transfer that had occurred post-petition. *Id.* at 682. In addition, the trustee sought monetary damages from all defendants (though he also sought a declaration that a post-petition mortgage was null and void.) *Id.* These aspects led the *Roberts* court to conclude that the trustee's action was one at law which would have been tried to a jury under the common law. Furthermore, it held that Congress could not limit the right to a jury trial because the action involved only private matters. *Id.* at 682–83.

*In re Roberts* is distinguishable. Unlike *In re Roberts,* in this case the Trustee does not use his powers under §§ 542 and 549 to recover on an underlying legal claim, such as one for fraudulent conveyance. He has already established that the assets of The Lillian Blinder Trust were property of the estate in the earlier proceeding against Meyer and Lillian Blinder. Nor does he seek additional relief at law. He did not request damages or penalties against the defendants, only the return of the funds transferred. Thus, the Trustee's claims are a direct invocation of his equitable powers under §§ 542 and 549, powers that did not exist at common law and are wholly equitable in nature. *See In re Garrett Road Supermarket,* 95 B.R. at 906.

For these reasons and on these facts, I agree with the rationale of *In re North Carolina Hospital Association Trust Fund,* 112 B.R. at 762, and conclude that Martin S. and Janet M. Blinder have no right to a jury trial on the Trustee's §§ 542 and 549 claims. Accordingly,

IT IS ORDERED that the motions to withdraw the reference are DENIED.