**In re Peter ACKHOFF, Debtor.**

**David Allard, Trustee, Plaintiff,**

**v.**

**Peter Ackhoff, Steven Annas, Peter de Angelo, and Douglas Carreri, Defendant.**

**Bankruptcy No. 99–54903–R. Adversary No. 00–4127.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Aug. 7, 2000.

Rodney Glusac, Detroit, for Plaintiff.

Thomas Budzynski, Clinton Twp., for Debtor/Defendant.

Tracy Clark, Southfield, for Other Defendants.

Order Denying Request for Jury Trial

STEVEN W. RHODES, Bankruptcy Judge.

This matter is before the Court on the trustee's objection to the non-debtor defendants' request for a jury trial. Because the plaintiff's claims are equitable in nature, the Court concludes that the non-debtor defendants are not entitled to a jury trial.

## I.

On September 3, 1999, the debtor and the non-debtor defendants played as a foursome in a golf tournament. The foursome allegedly agreed that if any one of them made a hole-in-one, they would share any prize awarded. The debtor made a hole-in-one on the eighth hole. The prize for the hole-in-one was a 1999 Cadillac Escalade.

On September 22, 1999, the debtor filed his chapter 7 petition. As of that date, he had not received the Cadillac. He listed on his Schedule B a "possible hole-in-one contest prize" as property of the estate, which he valued at $3,000. On Schedule C, the debtor listed the prize as exempt in the amount of $2,500 under § 522(d)(5).

At the meeting of creditors, the debtor testified that the "possible hole-in-one contest prize" listed on his schedules was an interest in a car that he won by making a hole-in-one at a golf tournament. The debtor further testified that he believed he was only entitled to a one-fourth interest in the car because he made an oral agreement with the other members of his foursome that if any of them won a prize at the tournament they would split it equally between them.

The trustee sent letters to the debtor's attorney on November 15, December 3, and December 20, 1999, requesting all pertinent documents and information regarding the hole-in-one prize. On December 20, 1999, the debtor's attorney responded with the requested documents indicating that, on November 24, 1999, the debtor took possession of the Cadillac, valued at $43,000. He then sold it to defendant Annas for $36,000. After dividing the proceeds between the four defendants, the debtor received $10,000.

On February 10, 2000, the trustee filed this adversary proceeding complaint against the defendants. Count I seeks avoidance of unauthorized post-petition transfers pursuant to § 549. Count II seeks turnover of either the vehicle or $43,000, which represents the value of the vehicle, pursuant to § 542.

## II.

The trustee contends that the issues in the adversary proceeding deal with administration of the debtor's estate. As such, the complaint is equitable in nature and the defendants are not entitled to a jury trial.

The non-debtor defendants contend that the primary issue in the complaint is whether the prize is property of the estate. The non-debtor defendants assert that the determination of that issue requires application of state contract law. Specifically, the court must determine whether the pre-petition agreement constituted a legal contract under Michigan law. If so, the court must determine whether the parties performed the duties and obligations required under the agreement, and if so, what effect that had on the parties' interest in the prize. Thus, the non-debtor-defendants assert that the court must decide substantial legal issues.

## III.

█ The Seventh Amendment provides, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." U.S. CONST. amend. VII. The Supreme Court has interpreted "Suits at common law" to mean cases involving

legal, as opposed to equitable, rights. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989). While the Seventh Amendment preserves the right to a jury trial on legal claims, there is no right to a jury trial on equitable claims. *Id.*

■ To determine whether a right to a jury trial exists, the court must determine whether the case will resolve legal rights or only equitable rights. In making this determination, the court must engage in two different inquiries. First, the claims at issue must be compared to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, the court must examine the remedy sought and determine whether it is legal or equitable in nature. *Id.* This is the more important inquiry. *Id.* at 42, 109 S.Ct. 2782.

Count I of the complaint seeks to avoid unauthorized post-petition transfers pursuant to section 549. Count II seeks turnover of property of the estate pursuant to § 542. Courts have consistently concluded that such claims are equitable in nature. In *Committee of Unsecured Creditors of North Carolina Hosp. Assoc. Trust Fund v. Memorial Mission Medical Ctr. (In re North Carolina Hosp. Assoc. Trust Fund)*, 112 B.R. 759 (Bankr.E.D.N.C.1990), the creditors' committee brought an action on behalf of the debtor to recover preferences under § 547 and postpetition transfers under § 549. With respect to the § 549 claim, the court stated:

> [B]oth the character of the § 549 action as it might have existed in England in the late 18th-century and the nature of the remedy sought are equitable. In 18th-century England bankruptcy was essentially a creditor's remedy involving the equitable distribution of the bankrupt's estate. Today, the bankruptcy estate is distributed in accordance with the scheme of priorities set out in the Bankruptcy Code, and the nature of bankruptcy is equity.

> The bankruptcy estate is created upon the filing of the bankruptcy petition and it is protected at the inception of the case ... by the prohibition against post-petition transfers set forth in § 549. Enforcement of [this] provision[ ] is clearly equitable.

*Id.* at 762 (citations omitted). *See also Jobin v. Youth Benefits Unlimited, Inc. (In re M & L Business Machine Co., Inc.)*, 59 F.3d 1078, 1082 (10th Cir.1995) ("[E]nforcement of Section 549, a provision clearly designed to protect the bankruptcy estate following its inception, is a procedure which is equitable in nature."); *Anderson v. Simchon (In re Southern Textile Knitters, Inc.)*, 236 B.R. 207, 213 (Bankr.D.S.C. 1999) (No right to a jury trial exists for § 549 avoidance actions and turnover actions because they regard the administration of the estate and are thus equitable in nature.); *Stalford v. Blue Mack Transp., Inc. (In re Lands End Leasing, Inc.)*, 193 B.R. 426, 432 (Bankr.D.N.J.1996) (Where the trustee's primary objective is to recover and preserve estate assets transferred after the petition date, the defendants are not entitled to a jury trial.); *Keller v. Blinder (In re Blinder, Robinson & Co., Inc.)*, 146 B.R. 28, 31 (D.Colo.1992) (Section § 549 claim is an invocation of the trustee's wholly equitable power, therefore, no right to a jury trial exists.).

That the Court must decide legal issues applying Michigan contract law does not transform the claim into a legal claim. The appropriate inquiry is whether the remedy sought is legal or equitable in nature. The Court concludes that it is equitable, and therefore the non-debtor defendants are not entitled to a jury trial.

It is so ordered.