**MID–AMERICA'S PROCESS SERVICE and Lynn Whitefield, Petitioners,**

**v.**

**Honorable James O. ELLISON, Respondent.**

**Terry RHINE, Petitioner,**

**v.**

**Honorable James O. ELLISON, Respondent.**

Nos. 85–1365, 85–1369.

United States Court of Appeals, Tenth Circuit.

July 9, 1985.

James C. Lang and G. Steven Stidham of Sneed, Lang, Adams, Hamilton, Downie & Barnett, Tulsa, Okl., filed briefs, for petitioners.

James W. Tilly, Tulsa, Okl., filed briefs, for General Elec. Co.

Before HOLLOWAY, Chief Judge, and McKAY and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

In this original proceeding petitioners, a corporation and two individuals who are defendants in a civil action in the United States District Court for the Northern District of Oklahoma, request that we issue a writ of mandamus directing the district court in that civil action to postpone discovery against petitioners pending the resolution of a current grand jury proceeding in the United States District Court for the Northern District of New York, which is investigating petitioners' conduct. Petitioners request postponement until the grand jury has resolved its investigation. The district court in Oklahoma refused to delay discovery but did issue a protective order to prevent public disclosure of information gained during the discovery process.

Both the civil proceeding and the grand jury investigation arise out of the same facts. Petitioners in this action allegedly were involved along with others in a scheme whereby an employee of General Electric illegally distributed to them confidential business information regarding General Electric motors.

Petitioners seek the writ on what we deem to be two alternative grounds. The first ground requires us to consider whether the district court has adequately guaranteed the individual petitioners' right to assert a Fifth Amendment privilege. Petitioners claim that in failing to postpone discovery the district court is coercing the individual petitioners into either providing self-incriminating responses to discovery or losing the civil suit against both them and Mid-America's Process Service. By making this contention, they necessarily argue that the district court's protective order does not preclude incriminating information revealed during discovery from reaching the prosecutors and grand jury conducting the criminal investigation, and that they reasonably fear that the government will use the civil discovery results to build a criminal case. The individual petitioners apparently believe that the only way fully to protect themselves is to plead the Fifth

Amendment. But if they do so they are concerned that they will lose the civil suit against them.[1]

■ Using threats of serious economic reprisal to compel a person to waive the Fifth Amendment and testify is unconstitutional. *See generally Baxter v. Palmigiano,* 425 U.S. 308, 316–20, 96 S.Ct. 1551, 1557–59, 47 L.Ed.2d 810 (1976) (describing the *Garrity-Lefkowitz* line of cases); *United States v. Kordel,* 397 U.S. 1, 13, 90 S.Ct. 763, 770, 25 L.Ed.2d 1 (1970) ("The Court of Appeals was correct in stating that 'the Government may not use evidence against a defendant in a criminal case which has been coerced from him under penalty of either giving the evidence or suffering a forfeiture of his property.' ").

■ To obtain review of such a privilege claim on a writ of mandamus, however, petitioners must show, *inter alia,* that any other meaningful appellate review of the claim of privilege will be impossible. *See Barclaysamerican Corp. v. Kane,* 746 F.2d 653, 654–55 (10th Cir.1984). In this case, petitioners have not satisfied this requisite for mandamus review; if they are effectively coerced into making revelations in the civil case that are used to convict them in a criminal case, they can raise the coercion issue in the appeal of· their criminal convictions. *Kordel* is an example of such appellate review, although *Kordel* held that the incriminating testimony had not been coerced and that the individual defendants there should have availed themselves of the Fifth Amendment. We believe that·by seeking postponement or a protective order from the district court supervising the civil proceeding, on the basis of a reasonable fear of self-incrimination, they have adequately preserved their right to object to a subsequent criminal conviction based on their own incriminating statements made during civil discovery. *Cf. London v. Patterson,* 463 F.2d 95, 98 (9th Cir.1972) (suggesting that criminal defendant who claimed he was coerced into giving involuntary responses to civil discovery should have sought a protective order postponing civil discovery), *cert. denied,* 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196 (1973).

■ The individual petitioners unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege, *see Kordel,* 397 U.S. at 7–8, 90 S.Ct. at 766–68, in which event they may have to accept certain bad consequences that flow from that action. *See Baxter,* 425 U.S. at 318–19, 96 S.Ct. at 1557–58; *Lefkowitz v. Cunningham,* 431 U.S. 801, 808 n. 5, 97 S.Ct. 2132, 2137 n. 5, 53 L.Ed.2d 1. Appellate review of the civil judgment could correct any impermissible consequences if petitioners' silence is improperly used to obtain the civil judgment.

In deciding whether to testify petitioners act at their peril in assessing whether the alleged coercion here is the type of threat of serious economic reprisal that is unconstitutional under the *Garrity-Lefkowitz* line of cases. Because they can obtain meaningful appellate review at a later stage, we should not here render an advisory opinion, under the guise of mandamus, on whether their privilege has been adequately protected.

Petitioners' second ground for mandamus relief focuses on dicta in *Kordel.* They claim, in effect, that the district court failed to follow a mandatory legal rule or refused to perform a plainly defined and preemptory duty owed to them. *See Hadley Memorial Hospital, Inc. v. Schweiker,* 689 F.2d 905, 912 (10th Cir.1982). In *Kordel,* the Court indicated that a stay of civil discovery until the termination of the related criminal action would be an appropriate remedy in the situation when "no one can answer the interrogatories addressed to the corporation without subjecting himself to a 'real and appreciable' risk of self-incrimina-

---

1. Petitioner Mid-America's Process Service is a corporation and hence has no Fifth Amendment privilege. Apparently it is owned by petitioner Whitefield. The claim is that there is no one other than Whitefield who can answer interrogatories directed to the corporation, and if Whitefield answers them he may incriminate himself.

tion." 397 U.S. at 8–9, 90 S.Ct. at 767–68. Petitioner Whitefield claims the instant case presents that situation because Mid-America's Process Service "could only rationally answer the discovery through the mouth of Whitefield." R. I, 87. In addition to that hypothetical situation, the Court in *Kordel* discussed several "special circumstances" that might also warrant postponement of civil proceedings. *See* 397 U.S. at 11–12 & nn. 23–27, 90 S.Ct. at 769–70 & nn. 23–27. Petitioners claim that by these statements *Kordel* establishes their clear right to a stay of civil discovery.

 Although postponement might be appropriate in a particular instance, we believe that the law does not require postponement of civil discovery until fear of criminal prosecution is gone. The propriety of postponement is a matter for the exercise of the trial court's discretion. *See SEC v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375–76 (D.C.Cir.) (en banc), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980); *Gordon v. Federal Deposit Insurance Corp.,* 427 F.2d 578, 580 (D.C.Cir.1970). In some instances district courts, in the exercise of that discretion, have allowed postponement of civil discovery until termination of related criminal proceedings. *See Paul Harrigan & Sons v. Enterprise Animal Oil Co.,* 14 F.R.D. 333, 335 (E.D.Penn.1953); *see also Dienstag v. Bronsen,* 49 F.R.D. 327, 329 (S.D.N.Y.1970); *Perry v. McGuire,* 36 F.R.D. 272, 274 (S.D.N.Y.1964); *National Discount Corp. v. Holzbaugh,* 13 F.R.D. 236, 237 (E.D.Mich.1952). Yet other courts have deemed postponement inappropriate. *See, e.g., DeVita v. Sills,* 422 F.2d 1172, 1178 (3d Cir.1970); *SEC v. Gilbert,* 79 F.R.D. 683, 686 (S.D.N.Y.1978). The district court here denied the stay but entered a protective order. An appellate court does not issue the writ of mandamus to tell a district court how to decide a question that is within the district court's discretion. Even if upon direct appeal the appellate court might hold that the district court abused its discretion in denying postponement, the matter is not one in which the district court refused to perform a preemptory duty.

*See Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36, 101 S.Ct. 188, 190, 66 L.Ed.2d 193 (1980) (per curiam). Consequently, mandamus relief is not appropriate on this ground either.

The writ of mandamus is denied and our prior stay of discovery pending consideration of this cause is hereby dissolved.