## In re GOVERNMENT SECURITIES CORPORATION, Debtor.

## John R. CAMP, Jr., Trustee, Plaintiff,

v.

## Michael REHTORIK and Oscar Gomez, Defendants.

Bankruptcy Nos. 87–0245–BKC–AJC–A, 87–0910–CIV–KEHOE.

Adv. No. 87–0298–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

Oct. 13, 1987.

Neal B. Shniderman, Blackmell Walker Fascell & Hoehl, Miami, Fla., for Trustee.

Hugo L. Black, Jr. and Frank Marks, Miami, Fla., for defendants Rehtorik and Gomez.

### ORDER ON DEFENDANTS' MOTIONS FOR STAY

A. JAY CRISTOL, Bankruptcy Judge.

On August 19, 1987, the Court conducted a hearing on the motions of Defendants Rehtorik and Gomez for a stay of this adversary proceeding. The defendants seek a stay because of pending investigations by the United States Securities and Exchange Commission and possibly by the Federal Bureau of Investigation.

The Court, having considered arguments by counsel and memoranda filed with the Court, and being fully advised on all aspects of this case, makes the following findings of fact and conclusions of law.

On May 12, 1987, the Securities Investor Protection Corporation initiated an action against Government Securities Corporation in the United States District Court for this District under the Securities Investor Protection Act (SIPA), 15 U.S.C. § 78aaa *et seq.* The action was predicated on a belief that protection of GSC's customers under SIPA was necessary. With the consent of GSC's president, Michael Rehtorik, the Honorable Alcee L. Hastings, United States District Judge, entered an order placing GSC in liquidation under SIPA and appointing John R. Camp Jr., Trustee.

On July 1, 1987, the Trustee filed this adversary proceeding. The Complaint, and Amended Complaint filed on August 19, 1987, seek declaratory relief, the recoupment of money, and damages from Defendants Rehtorik and Gomez. The action arises from allegations by the Trustee that Defendants Rehtorik and Gomez in essence misappropriated funds entrusted to them by customers of GSC. The Complaint and Amended Complaint allege in essence that: Defendants Rehtorik and Gomez established so-called "managed accounts" for these investors; upon the receipt of funds from the investors, Defendants Rehtorik and Gomez diverted the funds to their own use; and claims have been made to the Trustee under SIPA for these accounts. The Trustee further alleges in his Amended Complaint that he has received 28 claims in an approximate aggregate amount of $1,700,000.00 relating to the managed accounts.

Defendants Rehtorik and Gomez deny the allegations and contend that they are the subjects of parallel investigations by

the Securities and Exchange Commission and the Federal Bureau of Investigation. The defendants argue, *inter alia* that: the investigation by the SEC could result in litigation and a judgment requiring restitution; discovery of matters that are not discoverable in a criminal case will occur; and the investigation by both government agencies could result in indictments and convictions. Thus, they argue the parallel pursuit of the instant case is unnecessary, wasteful of defense resources, and places their rights in jeopardy.

The only evidence of these parallel investigations is contained in an affidavit by Mr. Rehtorik's counsel, Hugo L. Black, Jr., Esq. The affidavit recites the existence of a formal order of investigation by the SEC and a referral to the Federal Bureau of Investigation by the SEC. The defendants have presented *no* evidence that: 1) the SEC has initiated suit; 2) a grand jury is investigating the defendants; 3) an indictment or criminal information has been returned; or 4) the Federal Bureau of Investigation or any other government agency *actually* has launched a *criminal* investigation into the defendants' activities at this time.

 The Court has the inherent power to stay this action as a part of the power to control its own docket. *Landis v. North American Co.*, 229 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936). The decision to stay an action is discretionary and results from a weighing of competing interests. *Id.* at 255, 57 S.Ct. at 166. There is no absolute due process right to a stay. *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. 53, 55 (E.D. Pa.1980). *See also SEC v. Dresser Indus.*, 628 F.2d 1368, 1375 (S.C.Cir.1980) (en banc).

 In considering the motion for stay, the Court has weighed the five factors set forth in *Golden Quality Ice Cream Co. v. Deerfield Specialty*, 87 F.R.D. at 56:

1. The burden of the proceeding on the defendant;

2. The interest of the plaintiff in expeditiously pursuing the action and prejudice resulting from any delay;

3. The convenience of the Court in the management of its cases and the efficient use of judicial resources;

4. The interests of non-parties to the litigation; and

5. The interest of the public in the pending civil and criminal litigation.

The Court's analysis of these factors militates against a stay of this action.

First, the defendants voluntarily entered into a business enterprise that caused them to deal with a large number of people and substantial sums of money. That enterprise failed. Civil litigation resulting from the failure is to be expected and is a cost of doing business. At this juncture, the defendants are not the apparent subjects of full fledged criminal investigations, criminal proceedings, or even pending civil litigation other than this action. Therefore, the resources of the defendants and their counsel are not being spread thin by litigating in the civil and criminal arenas simultaneously. The defendants' assertion that discovery in this case will be broader than the discovery contemplated in criminal cases is irrelevant. *Id.* at 57.

Second the Trustee has a significant interest in pursuing this action as quickly as possible. The failure of the debtor, Government Securities Corporation, necessitated the appointment of a Trustee to review and where appropriate, satisfy thousands of claims. He must be able, as quickly as possible, to determine what assets are at his disposal to satisfy those valid claims. He has a right to marshall assets. Any delay in that process should be avoided. The Trustee's need to meet his obligations also affects the analysis of the third and fourth factors—the interest of the Court in the use of its resources and the interests on non-parties. The defendants have challenged the validity of the Trustee's action by arguing that the so-called managed account investors were not GSC customers. Resolution of the pending litigation will: a) obviate the prospect of multiple suits among the Trustee, the managed account investors, and the defendants; and b) permit the Trustee, if he

succeeds, to recover a significant sum of money. This will benefit all of GSC's customers and creditors.

Finally, the public interest warrants prompt disposition of this case. The existence of SIPA and SIPC indicates a clear intention by Congress that broker liquidations should be accomplished as swiftly as possible. Members of the investing public, who look for SIPC membership in a broker, need the assurance that a business failure by a SIPC member will be remedied expeditiously in all its phases. This case is one aspect of such a liquidation.

For these reasons, the Court concludes that the issuance of a stay at this juncture simply is not warranted. Accordingly

It is Ordered that the Defendants' Motions for Stay be and hereby are DENIED.