**In re John Bryan LARSON, member of NTC Colorado, LLC, former member of ITA Colorado, LLC, doing business as Premier Title Agency of Colorado, and Alicia Lynn Larson, also known as Alicia Lynn Velasquez, former member of NTC Colorado, LLC, member of NTA Colorado, LLC, doing business as Premier Title Agency of Colorado, Debtors.**

**Alliant National Title Insurance Company, Inc., a Colorado Corporation, Plaintiff–Appellee,**

v.

**John Bryan Larson and Alicia Lynn Larson, Defendants–Appellants.**

**BAP No. CO–12–005.**
**Bankruptcy No. 10–39976.**
**Adversary No. 11–01222.**

United States Bankruptcy Appellate Panel of the Tenth Circuit.

March 8, 2012.

Edward Levy, Denver, CO, for Debtors.

Before CORNISH, KARLIN, and SOMERS, Bankruptcy Judges.

## ORDER DISMISSING APPEAL

The matter before the Court is the Appellants John Bryan Larson and Alicia Lynn Larson's Motion for Leave to Appeal the United States Bankruptcy Court for

the District of Colorado's January 10, 2012 Interlocutory Order Denying Motion for Stay of Adversary Proceeding, filed January 24, 2012 ("Motion for Leave"). The Appellee, Alliant National Title Insurance Company, Inc. ("Appellee"), opposes the Motion. For the reasons set forth below, the Motion for Leave is denied, and this appeal is dismissed.

## I.  Background Facts.

Appellants Alicia and John Larson ("Appellants"), who respectively owned and were employed by Premier Title Agency of Colorado ("Premier"), filed a Chapter 13 petition that was later converted to Chapter 7. Appellee filed a nondischargeability action against Appellants under 11 U.S.C. §§ 523(a)(2) and (4) (the "Adversary"), seeking to except from discharge the amount for which it had become liable as a result of Appellants' alleged misappropriation of seven Premier escrow funds. Pursuant to an agreement between Appellee and Premier, Appellee had underwritten residential real estate transaction title insurance policies for which Premier had acted as escrow agent.

Appellants moved to stay the Adversary after they and their attorney were informed by the Attorney General for the State of Colorado that they were "the subject of a criminal investigation related to their actions as owner and employee of Premier Title."[1] Appellants claimed that

proceeding with the Adversary would force them to choose either to waive their Constitutional protection from compelled self-incrimination, or assert that protection and thereby compromise their position in the Adversary. On January 10, 2012, the Bankruptcy Court issued its Order Denying Defendants' Motion for Stay of Adversary Proceeding ("Order"). Appellants filed their notice of appeal and accompanying Motion for Leave, seeking review of the Order.

## II.  This case does not meet the "exceptional circumstance" test for granting leave to appeal.

■ This Court has jurisdiction to hear appeals from final orders, final collateral orders, and, with leave of court, interlocutory orders.[2] An order is final "only if it 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' "[3] Clearly, the Order is not final,[4] and the collateral order doctrine does not apply to an order *denying* a motion to stay proceedings.[5]

■ As such, this Court may exercise jurisdiction over the Order only if leave of court is appropriate pursuant to 28 U.S.C. § 158(a)(3). As this Court has stated:

Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable

---

1.  Motion for Leave at 3, ¶ 9.

2.  28 U.S.C. § 158(a)(3).

3.  *Personette v. Kennedy (In re Midgard Corp.),* 204 B.R. 764, 768 (10th Cir. BAP 1997), *quoting Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

4.  28 U.S.C. § 1292(a) permits appeals as of right to the courts of appeal from "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions." It does not apply to

appeals from a bankruptcy court to a bankruptcy appellate panel or a district court, which are governed by 28 U.S.C. § 158. *Kore Holdings, Inc. v. Rosen (In re Rood),* 426 B.R. 538, 548 (D.Md.2010).

5.  *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277–78, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). *See also Bailey v. Connolly,* 361 Fed.Appx. 942, 948–49 (10th Cir.2010).

interlocutory orders must involve a controlling question of law as to which there is substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.[6] A discretionary order that turns on the facts of the individual case is typically not a proper subject of interlocutory review.[7]

■ For the reasons outlined below, Appellants have demonstrated neither a controlling question of law as to which there is a substantial ground for difference of opinion, nor that immediate resolution of their Fifth Amendment claim will materially advance the ultimate termination of the litigation. First, because there is Tenth Circuit Court of Appeals authority on the presenting issue, there appears to be no "question of law as to which there is a substantial ground for difference of opinion." In *Bailey v. Connolly*,[8] the Tenth Circuit held that delaying review of the constitutional interest against self-incrimination "does not imperil" that interest enough "to justify the cost of allowing immediate appeal" of the relevant orders. Noting that criminal defendants cannot appeal constitutional violations on an inter-locutory basis, but must wait until after they are convicted, the Circuit stated that the "constitutional interest in being free of self-incriminating statements is not 'important' enough in the *Cohen* sense to justify an interlocutory appeal of the [civil discovery] order."[9]

Furthermore, parties seeking to invoke the constitutional protection under the Fifth Amendment that bars compelled self-incrimination are required to demonstrate that a deposition question or written discovery gives them "reasonable cause to apprehend danger," that their response would either "support a conviction," or "furnish a link in the chain of evidence needed to prosecute them for a violation of the criminal statutes."[10] There is no evidence in the appellate record suggesting that Appellants have met this standard in regard to any particular inquiry in the Adversary. Instead, Appellants assert only generalized concerns about self-incrimination, and such concerns are typically insufficient to justify a stay. Accordingly, the Bankruptcy Court's decision not to accommodate Appellants as potential criminal defendants by staying the proceedings was clearly within its discretion.[11]

**6.** *Personette*, 204 B.R. at 769 (citing 28 U.S.C. § 1292(b)).

**7.** *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978); *In re Blinder Robinson & Co., Inc.*, 132 B.R. 759, 765 (D.Colo.1991).

**8.** 361 Fed.Appx. at 948–49.

**9.** *Id.* at 949 (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994)). *Cohen* orders or doctrine are references to *Cohen v. Beneficial Indus. Loan Corp*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See also Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir.1985) (propriety of postponement of civil discovery pending resolution of ongoing grand jury proceeding on same facts is a matter of trial court's discretion and, though postponement might be appropriate in some civil cases, it is not required).

**10.** *See United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir.1987) (quoting *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)).

**11.** *See In re CFS-Related Secs. Fraud Litig.*, 256 F.Supp.2d 1227, 1236 (N.D.Okla.2003); *AIG Life Ins. Co. v. Phillips*, Civ. Action No. 07–cv–00500–PST–MEH, 2007 WL 2116383, at *2 (D.Colo. July 20, 2007) (stay of civil case more warranted *after* criminal indictment issues, as likelihood of incrimination will be greater then and Speedy Trial Act may reduce criminal case's resolution time, thereby reducing prejudice to plaintiffs in companion civil case).

In any event, allowing a blanket stay of discovery in the Adversary could not possibly "materially advance the ultimate termination of the litigation."[12] To the contrary, such a stay would bring those proceedings to a halt. Since Appellants did not know when, or if, they would be criminally charged, the Bankruptcy Court correctly stated that "any information regarding the timing of any criminal indictment is speculative, conjectural, and vague, at best."[13]

The Bankruptcy Court properly acknowledged that if and when Appellants are "forced to plead the Fifth Amendment privilege, the Court can address that as it comes up."[14] In other words, if either Appellant later demonstrates reasonable cause to apprehend danger that his or her response to a specific question would support a conviction or would furnish a necessary link in the chain of evidence to prosecute, he or she will need to factually establish that the risks of incrimination resulting from the compelled testimonial communication are "substantial and real," rather than "merely [t]rifling or imaginary."[15] And as the Supreme Court stated in *Hoffman*, Appellants are "not exonerated from answering merely because [they declare] that in so doing [they] would incriminate [themselves—their] say-so does not of itself establish the hazard of incrimination."[16] Appellants will need to evaluate for themselves, when actually faced with the need to invoke their Fifth Amendment privilege, whether or not to do so. At that time, the Bankruptcy Court will (likely upon Appellee's proper motion to compel) be in a position to evaluate whether the fear of incrimination is substantial and real, and how best to proceed.

Accordingly, because Appellants have not shown exceptional circumstances justifying an interlocutory appeal, it is HEREBY ORDERED that the Motion for Leave is DENIED. This appeal is DISMISSED.

---

**12.** *Personette v. Kennedy (In re Midgard Corp.)*, 204 B.R. 764, 769 (10th Cir. BAP 1997).

**13.** *Order* at 4, 5–6. There is nothing in the appellate record to suggest Appellants provided an affidavit or any other concrete information, from a criminal prosecutor or someone else with specific knowledge, regarding the status of any criminal investigation, including a time line for such a proceeding.

**14.** *Id.*

**15.** *Marchetti v. United States*, 390 U.S. 39, 53, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

**16.** *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).